IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM SHOFFNER, <br> #16197-028, <br><br> Petitioner, <br><br> vs. <br><br> MICHAEL CARVAJAL and <br> WILLIAM BARR, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 20-cv-00644-JPG <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner Adam Shoffner is in the custody of the Federal Bureau of Prisons (BOP) and is currently confined at the Federal Correctional Institution in Greenville, Illinois (FCI-Greenville). He filed a Petition for Writ of Mandamus pursuant to 28 U.S.C. §§ 1361 and 1651 seeking immediate release to home confinement and/or satisfaction of the criminal judgment(s) against him. (Doc. 1, pp. 1-4). Shoffner's request for this relief was prompted by the current coronavirus pandemic, which has upended life in the United States this year and shows no signs of slowing down. Due to the urgent nature of his request, the Court will immediately take up this matter.[1]

The Petition is now before the Court for preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints, including petitions seeking a writ of mandamus in a civil action, and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). The

---

[1] Shoffner commenced this action without paying the $400.00 filing fee or filing an application for leave to proceed *in forma pauperis* ("IFP"). Although the Court generally requires one or the other before screening new cases, the Court will screen this matter without delay. Shoffner is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time he filed the Petition and survives dismissal of the action. However, if he seeks and is granted leave to proceed IFP, Shoffner will be obligated to pay $350.00 instead of $400.00.

1

court must dismiss those claims that are legally frivolous or malicious, fail to state a claim for relief, or request money damages from an immune defendant. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Petition

Shoffner is housed in FCI-Greenville. (Doc. 1, pp. 1-4). He does not indicate where or with whom. (*Id.*). Shoffner simply alleges that his confinement during the COVID-19 pandemic violates his Eighth Amendment right to be free from cruel and unusual punishment and his Fifth Amendment right to due process of law. (*Id.* at 1). Shoffner offers no description of the conditions he has encountered at FCI-Greenville during the pandemic, with a single exception.

On May 4, 2020, Inmate Williams returned from the hospital and was placed into a cell with Inmate Morris. (*Id.* at 3-4). Due to "human error," Inmate Williams was not placed in quarantine first. (*Id.* at 4). As a result both inmates had to be placed in quarantine. (*Id.*).

Shoffner offers no other details about this incident. It is therefore unclear whether Inmate Williams was diagnosed with COVID-19, whether he exhibited symptoms of the illness, whether Inmate Morris became ill, or whether other inmates were affected by this error. Shoffner simply states that the error placed all inmates "at a pervasive risk of harm." (*Id.* at 3).

## Analysis

Shoffner brings this action pursuant to 28 U.S.C. §§ 1361 and 1651, which establish jurisdiction for a federal court to compel a federal official or agency to perform a duty that is owed to the petitioner. *See* 28 U.S.C. § 1361. Three elements must be met to issue a writ: (1) a petitioner's clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of the respondent to do the act in question; and (3) no other adequate remedy at law." *Burnett v.*

*Bowen*, 830 F.2d 731, 739 (7th Cir. 1987). Because a writ is considered an extraordinary remedy, the Court will deny a petition if any of these three elements are missing. *See Ahmed v. Dept. of Homeland Security*, 328 F.3d 383, 387 (7th Cir. 2003); *Banks v. Secretary of Indiana Family and Soc. Servs. Admin.*, 997 F.2d 231, 244 (7th Cir. 1993).

Shoffner satisfies none of these requirements. He points to no plainly defined duty on the part of either respondent, no violation of a duty, and no reason why release to home confinement or satisfaction of his criminal judgment is warranted here. Accordingly, the Petition for Writ of Mandamus does not survive preliminary review and shall be dismissed with prejudice for failure to state a claim.

If he wishes to pursue his request for release from prison or satisfaction of his criminal judgment(s), Shoffner should consider filing a petition for habeas relief pursuant to 28 U.S.C. § 2241 in the district of his confinement or a motion for compassionate release pursuant to Title VI, Section 603(b) of the First Step Act of 2018[2] in his criminal case in the district of his conviction. This Order does not preclude Shoffner from pursuing these, or any other, avenues to relief.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Mandamus (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Petitioner is **ADVISED** that the dismissal counts as one of his three allotted "strikes" pursuant to 28 U.S.C. § 1915(g). Petitioner is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $400.00[3] remains due

---

[2] Section 603(b) of the First Step Act, which reforms 18 U.S.C. S 3582(c)(1)(A), allows a defendant to move a federal court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"
[3] This Order does not preclude Shoffner from filing a Motion for Leave to Proceed *in forma pauperis*, if he wishes to do so. If granted, he will owe $350.00 for this action.

and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Petitioner wishes to appeal this dismissal, a notice of appeal must be filed with this Court within sixty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  If Petitioner chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Finally, if the appeal is found to be nonmeritorious, Petitioner may incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk is directed to **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 14, 2020**                                      s/J. Phil Gilbert
                                                              **J. PHIL GILBERT**
                                                              **United States District Judge**